**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN CASTRO-ALVARADO, AKA Omar Cosio-Alvarado, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-71004 <br><br> Agency No. A206-407-221 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Christian Castro-Alvarado, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Castro-Alvarado failed to establish a nexus between the harm he fears and a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, his asylum and withholding of removal claims fail.

We do not address Castro-Alvarado's contentions regarding the one-year asylum bar, credibility, the cognizability of his proposed social group, and the government's willingness or ability to control his alleged persecutors because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).

Finally, substantial evidence supports the agency's denial of Castro-Alvarado's CAT claim because he did not demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government

16-71004

if returned to Mexico.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.

2008).  We reject his contention that the agency applied an incorrect legal standard.

**PETITION FOR REVIEW DENIED.**

16-71004